UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-61975-CIV-Moreno/Matthewman
(10-60077-CR-MORENO)

GARY BAPTISTE,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

FILED BY KJZ D.C.
Jan 8, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [DE 9]

THIS CAUSE is before the Court upon Movant Gary Baptiste's ("Movant") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion") [DE 9]. This case has been referred to the undersigned for a Report and Recommendation. *See* DE 22. The Government has filed its Answer to the Motion [DE 10], and Movant has filed a reply [DE 11]. The parties have also submitted supplemental briefing. The Court has reviewed and carefully considered the Motion, the supplemental authority, the Government's responses, the Movant's replies, and all pertinent portions of the underlying criminal file and related civil files. The undersigned recommends GRANTING the Motion, VACATING Movant's convictions as to Counts 4 and 5 in light of *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), and holding a resentencing hearing as to Counts 1 and 6.

1

## I. BACKGROUND

### A. Movant's Offense and Conviction

In 2010, a federal grand jury returned a multi-count Indictment against Movant and six codefendants, charging them with drug, firearm, and Hobbs Act robbery conspiracies and related crimes. Movant was charged with: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1915(a) (Count 1); (2) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2); (3) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (4) conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 4); (5) carrying a firearm during and in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 5); and (6) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Superseding Indictment [Cr-DE 168].

As to the § 924(o) firearm conspiracy charge in Count 4, the Superseding Indictment charged that Movant conspired to carry a firearm during and in relation to the Hobbs Act conspiracy charged in Count 1, the drug conspiracy charged in Count 2, and the substantive drug offense charged in Count 3. Specifically, Count 4 charged that Movant agreed "to use and carry a firearm and ammunition during and in relation to a crime of violence, that is, a violation of Title 18, United States Code, Section 1915(a), as set forth in Count 1 of this Indictment, and during and in relation to a drug trafficking crime, that is, a violation of Title 21, United States Code, Section 846, as set forth in Counts 2 and 3 of this Indictment." *Id.* at 4.

As to the substantive § 924(c) firearm charge in Count 5, the Superseding Indictment

2

similarly charged the Hobbs Act conspiracy in Count 1, the drug conspiracy in Count 2, and the substantive drug offense in Count 3 as the predicate offenses for the § 924(c) firearm offense. Specifically, Count 5 charged that Movant "carr[ied] a firearm and ammunition during and in relation to a crime of violence, that is, a violation of Title 18, United States Code, Section 1915(a) as set forth in Count 1 of this Indictment, and during and in relation to a drug trafficking crime, that is, a violation of Title 21, United States Code, Section 846, as set forth in Counts 2 and 3 of this indictment." *Id*. at 5–6.

On February 2, 2011, a jury found Movant guilty on Counts 1 (Hobbs Act conspiracy), 4 (§ 924(o) firearm conspiracy), 5 (§ 924(c) firearm offense), and 6 (felon-in-possession). The jury was unable to reach a verdict on Counts 2 (drug conspiracy) and 3 (substantive cocaine offense), and the district court dismissed those charges without prejudice.

### B. Movant's Sentence

Following Movant's conviction, his probation officer prepared a presentence investigation report ("PSI"). The probation officer determined that Movant's base offense level was 32, but that he was subject to a 4-level enhancement for his role as an organizer in the conspiracy, resulting in a total offense level of 36. With a criminal history category of II, Movant's recommended guideline range was 210 to 262 months imprisonment. The Government objected to the PSI and requested another 2-level enhancement for perjured testimony, which would yield a guideline range of 262 to 327 months. At sentencing, the Government proposed a sentence of 300 months.

The Court adopted the PSI and sustained the Government's objection, finding that the proper guideline range was 262 to 327 months. The Court then turned toward the sentencing factors under 18 U.S.C. § 3553(a). It stated that "the nature and circumstances of the offense . . . [make

3

it] about as serious, short of murder, as it can get." [Cr-DE 379 at 26–28]. The Court further stated that, "I think a sentence of imprisonment will give [Movant] the needed educational/vocational training and the medical care and other correctional treatment that is most effective." *Id.* The Court also noted that the sentence had to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. *Id*. "[O]ne of the most important factors," according to the Court, was to "protect the public from further crimes of the defendant." *Id.* at 27. The Court found that this final factor required a substantial sentence. Although no one was killed, the Court had "no question that [Movant] intended, based upon his words and actions, [and] based upon using the other defendants[,] to commit the home invasion robbery and kill the guards." *Id.*

With these factors in mind, the Court imposed the statutory maximum on three of the four counts for which Movant was convicted. The Court sentenced Movant to a total 660 months, or 55 years imprisonment, consisting of the statutory maximum of 240 months' imprisonment as to count 1, the statutory maximum of 240 months as to count 4, the statutory minimum of 60 months as to count 5, and the statutory maximum of 120 months as to count 6, all running consecutively. The Eleventh Circuit affirmed Movant's sentence on appeal, rejecting his claim that the imposition of consecutive sentences was unreasonable. *United States v. Raphael*, 487 F.App'x. 490 (11th Cir. 2012).

### C. The Instant Motion to Vacate

In *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), the Supreme Court held that the definition of "crime of violence" in § 924(c)(3)(B)'s residual clause is unconstitutionally vague. In *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), the Eleventh Circuit held that in light of *Davis*, a conviction for conspiracy to commit a Hobbs Act robbery can no longer qualify

as a "crime of violence" under 18 U.S.C. § 924(c).

On August 6, 2019, the Eleventh Circuit granted Movant's application for leave to file a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2255(h) and 2244(b)(3)(A) [DE 1], finding that Movant had made a *prima facie* showing that his § 924(o) firearm conspiracy conviction in Count 4 and his § 924(c) firearm conviction in Count 5 were predicated on the Hobbs Act conspiracy in Count 1, and therefore may be unconstitutional following *Davis*. The Court then appointed counsel for Movant and set a briefing schedule in light of the Eleventh Circuit's grant of Movant's application. [DE 3].

## II. DISCUSSION

The Government concedes that Movant's conviction and sentence as to Counts 4 and 5 should be set aside and Movant should be resentenced on Counts 1 and 6. The parties disagree, however, on whether the Court must hold a resentencing hearing on the remaining counts.

"When a court grants a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the statute … establishes a two-step process." *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) (quoting 28 U.S.C. § 2255(b)). "First, the court must 'vacate and set the judgment aside.'" *Id*. "Second, the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence. *Id*.

District courts have considerable discretion in choosing the appropriate remedy on a successful § 2255 Motion to Vacate Sentence. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Such discretion, however, is limited by the Constitution. The Due Process Clause guarantees a criminal defendant's right to be present at all "critical stages" of the proceeding, which includes

5

the initial sentencing. *See Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); Fed.R.Crim.P. 43(a)(3). The Eleventh Circuit has held that two factors determine whether a resentencing following a successful § 2255 Motion to Vacate marks a "critical stage" of the proceeding which requires a resentencing hearing:

(1) Did the errors requiring the grant of habeas relief undermine the sentence as a whole?

(2) Will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?

*Brown*, 879 F.3d at 1239–40.

The Government argues that a resentencing hearing is unnecessary in this case because the Court imposed the statutory maximum on Counts 1 and 6 (240 months for the Hobbs Act conspiracy in Count 1, and 120 months for the felon-in-possession in Count 6), and ordered that they be served consecutively [DE 10 at 5]. Thus, according to the Government, "a re-sentencing would serve no purpose. Once movant's convictions on Counts 4 and 5 are vacated, movant's sentence will be reduced from a total of 660 months' imprisonment, to 360 months' imprisonment." *Id.*

Movant contends, however, that a resentencing hearing is constitutionally required because vacating Counts 4 and 5 will "undermine the sentence as a whole." [DE 27 at 4 (citing *Brown*, 879 F.3d at 1239)]. Movant relies on the "sentencing package doctrine," which asserts that where certain counts have been vacated on a § 2255 judgment, "the district court should be free to reconstruct the sentencing package (even if there is only one sentence left in the package) to ensure that the overall sentence remains consistent with the guidelines, the § 3553(a) factors, and the court's view concerning the proper sentence in light of all the circumstances." *United States v.*

6

*Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014). Movant points out that "the guidelines need to be recalculated from scratch" once Counts 4 and 5 are vacated. *Id*. According to the Government, however, the "sentencing package doctrine" does not apply even though a new guidelines range will be calculated because the district court did not sentence Movant within the guidelines, but rather ordered the statutory maximum penalties on Counts 1 and 6. [DE 26 at 7].

The Government is incorrect. Even if the District Court departs upward from Movant's amended guidelines range and imposes the statutory maximum penalty on resentencing, "[u]pward variances are meant to apply only after 'serious consideration' by the sentencing court.'" *Brown*, 879 F.3d at 1241 (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). In *Brown*, the Eleventh Circuit held that the district court abused its discretion and violated Due Process when it resentenced a successful § 2255 movant to the statutory maximum sentence—a significant upward variance from his corrected guidelines range—without a hearing. *Id*. at 1233. The Eleventh Circuit stressed that "Mr. Brown should have had an opportunity at a hearing to guide the District Court's discretion before it imposed an upward variance. He was given none." *Id*. at 1241.

Accordingly, *Brown*'s first factor clearly applies in this case. Granting Movant's § 2255 Motion "undermines the sentence as a whole" because the district court will have to construct an entirely new sentence on Counts 1 and 6 based on a corrected guidelines range. *Id*. at 1240. If the district court departs upward from that corrected guidelines range and reimposes the statutory maximum sentence on Counts 1 and 6, Movant's "attendance at the resentencing hearing [will be] essential to the just administration of his case." *Id*. at 1241.

*Brown*'s second factor also applies because the District Court will be asked to consider factors under 18 U.S.C. § 3553(a) that were not present at the original sentencing. Movant

7

highlights his rehabilitative conduct since his incarceration ten years ago, emphasizing that he "is now able to present a decade's worth of mitigating evidence regarding his post-offense rehabilitation." [DE 27 at 6]. In *Pepper v. United States*, 562 U.S. 476, 491 (2011), the Supreme Court held that "[e]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." Movant is entitled to present evidence of his rehabilitation to the District Court before it imposes a new sentence. Thus, the undersigned concludes that a resentencing hearing is constitutionally required in this case.

## III. RECOMMENDATION TO THE DISTRICT JUDGE

Based on the foregoing, the undersigned Magistrate Judge recommends that the District Judge GRANT Movant Gary Baptiste's Motion to Vacate under 28 U.S.C. § 2255, VACATE Movant's conviction and sentence as to Counts 4 and 5, order the United States Probation Office to prepare a new pre-sentence investigation report ("PSI") calculating Movant's guidelines range, and hold a resentencing hearing as to Counts 1 and 6.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Federico A. Moreno. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1

(2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of January, 2021

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge

copies to:
counsel of record via CM/ECF

9